Turney, J.,
delivered the opinion of the Court.
An indictment in the language, “And the jurors aforesaid, upon their oaths aforesaid, do further present, that Noah Dillard, on the day and year aforesaid, did assault Susan Brady, with intent to commit a felony, and did then and there, forcibly and feloniously, and against her will, attempt to have unlawful carnal knowledge of her, against the peace and dignity of the State,” is good.
The objection urged, is, that the indictment should have charged, that the prisoner “feloniously did make an assault,” etc.
Conceding, for the purposes of this case, that such averment is necessary, we understand it to be distinctly made in the indictment before us, substantially, as insisted it should have been. The word feloniously means, “with intent to commit a felony.” The charge that a party made an assault, with intent to commit a felony, is a charge that he feloniously assaulted.
To use the language of the indictment, a slight transposition makes the averment, “Noah Dillard did, with intent to commit a felony, assault Susan Brady,” etc. So, if it be necessary under the statute, that the abstract assault shall be defined to have been made feloniously, we have such definition here, and it can make no difference whether the definitional term employed is an adverb or noun. The objection is artificial, rather than substantial.
Affirm the judgment.